UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIJUANA HATCHER,

       Plaintiff/Counter-Defendant,

                                          Case No. 13-13926

v.                                          Honorable Laurie J. Michelson

NATIONWIDE PROPERTY &
CASUALTY INSURANCE COMPANY,

       Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [16]**

       This is an insurance coverage dispute. In applying for homeowner's insurance, Plaintiff Tijuana Hatcher represented to Defendant Nationwide Property & Casualty Insurance Company that the property taxes for the home she bought in Detroit, Michigan, were not delinquent by two or more years. Nationwide contends that it relied on this representation in issuing an insurance policy. Nationwide further contends that the representation was untrue. Thus, when a suspicious fire destroyed Hatcher's property on September 2, 2012, Nationwide rescinded the policy from its inception and refused to pay for the damage. Plaintiff then brought this lawsuit seeking to recover the insurance proceeds. Nationwide has moved for summary judgment pursuant to the well-established Michigan law that a material misrepresentation in an insurance application, if relied on by an insurer, allows the insurer to rescind the policy. Plaintiff does not dispute this law. Instead, she contends that, under her definition of "delinquent for two or more years," she did not make a material misrepresentation in her insurance application.  The Court rejects her strained construction and grants Defendant's Motion for Summary Judgment.

## I.  BACKGROUND

In March or April 2012, Plaintiff Tijuana Hatcher ("Plaintiff") bought from her brother's friend the real property located at 12667/12669 Roselawn Street in Detroit, Michigan (the "Roselawn property"). (Dkt. 16, Def. Mot. for Summ. J., Ex. 9, Hatcher Exam. at 13-14.) The Roselawn property is one building split into two separate living areas. Plaintiff rented out the top apartment and lived in the downstairs unit. (Mot. for Summ. J. at ¶ 6; Dkt. 20, Pl. Resp. at ¶ 6.) At the time of the purchase, the 2010 and 2011 property taxes were delinquent. (Mot. for Summ. J. at Ex. 8; Pl. Resp. at ¶ 9.) On July 9, 2012, Plaintiff made a partial payment of these taxes. (Pl. Resp. at ¶ 10.) Following this payment, there remained due approximately $2,048 on the 2010 property taxes and $1,879 on the 2011 taxes. (Mot. for Summ. J. at Exs. 8, 9.)

Through a series of phone calls with Defendant Nationwide Property & Casualty Insurance Company ("Nationwide" or "Defendant") in or around July 2012, Plaintiff applied for homeowner's insurance on the Roselawn property. (Mot. for Summ. J., Exs. 5, 7.) During the application process, Nationwide specifically asked, "Are the property taxes for the insured location delinquent by two or more years?" and Plaintiff answered "No." (Mot. for Summ. J., July 17, 2012 Tr. at 4.) Nationwide issued an insurance policy on the Roselawn property with a policy period July 17, 2012, to July 17, 2013. (Mot. for Summ. J. at Ex. 3.) The policy protects against losses associated with fire. (*See id.*) It is undisputed that Nationwide would not have issued the policy had it known that the property taxes were delinquent. (*Id.* at Ex. 11, Nationwide Aff.) The policy was amended by the Michigan Amendatory Endorsement. (*Id.* at Ex. 4.) This Endorsement contains a Concealment, Fraud, or Misrepresentation provision specifically informing the insured that the

> policy was issued . . . in reliance with the information you provided at the time of your application for . . . this insurance coverage. We may void this policy, deny

2

coverage under this policy, or at our election, assert any other remedy available under applicable law, if you, or any other insured person seeking coverage under this policy, knowingly or unknowingly concealed, misrepresented or omitted any material fact or engaged in fraudulent conduct at the time the application was made or at any time during the policy period.

(*Id.*)

The Roselawn property caught fire on September 2, 2012. (Dkt. 1, Compl. at ¶ 6.)  The fire damaged the home and its contents. (*Id.* at ¶¶ 6, 13.) Plaintiff made a claim with Defendant for her damages, losses, and expenses caused by the fire. (*Id.* at ¶ 14.) Nationwide conducted an investigation and found the fire to be intentional. (Mot. for Summ. J. at Ex. 2.) On March 4, 2013, Nationwide rescinded the policy from its inception. (*Id.* at Ex. 12.) As a result, there was no policy coverage in force on the date of the fire. (*Id.*) Nationwide explained:

The reason for rescinding this policy number 9121 HP321825 is due to material misrepresentation at time of the policy application. At the time you applied for a Nationwide Homeowner policy effective July 17, 2012, you represented that you were not delinquent in taxes for two or more years. Our claims investigation has determined that at the time of application you currently have delinquent taxes in 2010 for $2,732.73 and in 2011 for $1,978.48. Had this information been disclosed at the time of application, the policy would not have qualified and would not have been issued. Michigan law supports an insurer's right to rescind a policy to the date of inception where there is material misrepresentation in the policy application.

(*Id.*)

Following the rescission of the insurance policy, Plaintiff filed this lawsuit in Wayne County Circuit Court claiming the right to recover under the policy. Defendant removed the lawsuit to this court on the basis of diversity jurisdiction on September 13, 2013. (Dkt. 1.) During a phone conference on April 3, 2014, the Court advised that Defendant could file an early motion for summary judgment limited to the issue of the delinquent taxes. In its summary judgment motion, Defendant contends that Plaintiff's misrepresentation regarding the delinquent property taxes was material and enabled Defendant to rescind the insurance policy and refuse to

pay on Plaintiff's claim. (*Id*.) Plaintiff responds that she did not make any misrepresentation because, under her definition, the property taxes, while delinquent, were not delinquent "two or more years." (Dkt. 20.) The Court has carefully reviewed the briefing and does not believe that oral argument will substantially aid in resolving the parties' dispute. *See* E.D. Mich. 7.1(f)(2).

## II. ANALYSIS

### A. Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

Defendant's motion does not involve any disputed material facts. Instead, the parties dispute whether Plaintiff's response on her insurance application that the property taxes on the Roselawn home were not delinquent two years or more constitutes a material misrepresentation as a matter of law.

### B. Michigan Law Supports Rescission of the Insurance Policy

Under Michigan law, an insurance contract is generally to be interpreted like any other contract, according to Michigan contract interpretation principles. *Stryker Corp. v. XL Ins. Am.*,

4

735 F.3d 349, 354 (6th Cir. 2012); *Rory v. Cont'l Ins. Co.*, 703 N.W.2d 23, 26 (Mich. 2005).[1]

The policy application, declarations page, and the policy itself constitute the contract. *See Royal*

*Prop. Grp., LLC v. Prime Ins. Syndicate, Inc.*, 267 Mich. App. 708, 715, 706 N.W.2d 426, 432

(Mich. App. 2005) (citing *Hall v. Equitable Life Ass. Soc'y of the U.S.*, 295 Mich. 404, 408, 295

N.W. 204, 206 (1940)). Pursuant to the relevant contract interpretation principles, courts should

enforce contract language in accordance with its plain and commonly used meaning, being

careful to enforce specific and well-recognized terms. *Henderson v. State Farm*, 596 N.W.2d

190, 193–94 (Mich. 1999); *Stryker*, 735 F.3d at 354. A contract should be read as a whole

instrument and with the goal of enforcing the intent of the parties. *Prestige Cas. Co. v. Mich.*

*Mut. Ins. Co.*, 99 F.3d 1340, 1350 (6th Cir. 1996). The meaning of a contract is a question of

law. *Wilkie v. Auto-Owners Ins. Co.*, 664 N.W.2d 776, 780 (Mich. 2003). The Sixth Circuit

recently reiterated that "[i]f an insurance contract provision is ambiguous—meaning it is

susceptible to two different reasonable interpretations—it is strictly construed against the

insurer," but "[t]he mere fact that a term is undefined in an insurance contract does not render the

term ambiguous. Undefined terms, too, should be construed according to their commonly used

meaning unless it is apparent from the whole policy that a special meaning was intended."

*Whitehouse Condo. Group, LLC v. Cincinnati Ins. Co.*, No. 13-2376, 2014 U.S. App. LEXIS

11708 (6th Cir. June 17, 2014) (citing *Henderson v. State Farm*, 596 N.W.2d 190, 194-95 (Mich.

1999)). And courts "should not create ambiguity in an insurance policy where the terms of the

contract are clear and precise." *Henderson*, 596 N.W.2d at 193.

---

[1] Neither party raises any choice of law issues and both apply Michigan law. Thus, the Court will do so as well. *See Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 302 (6th Cir. 2008) ("When interpreting a contract in a diversity case, we apply the law of the forum state—in this case, Michigan.").

### 1.  *Nationwide's Reliance*

The insurance policy at issue here expressly states that it may be voided by Defendant if Plaintiff "knowingly or unknowingly concealed, misrepresented or omitted any material fact . . . at the time the application was made . . . ." (Mot. for Summ. J. at Ex. 3, Nationwide Policy.) This is consistent with "the well-settled law of [Michigan] that where an insured makes a material misrepresentation in the application for insurance . . ., the insurer is entitled to rescind the policy and declare it void *ab initio*." *Lake States Ins. Co v. Wilson*, 231 Mich. App. 327, 331, 586 N.W.2d 113 (Mich. Ct. App. 1998); *see also Lash v. Allstate Ins. Co.*, 210 Mich. App. 98, 532 N.W.2d 869, 872 (Mich. Ct. App. 1995) (collecting cases). This is true whether the misrepresentation was innocent or intentional, as long as the insurer relied on it. *Lash*, 210 Mich. App. at 103. "A misrepresentation on an insurance application is material if, given the correct information, the insurer would have rejected the risk or charged an increased premium." *Montgomery v. Fid. & Guar. Life Ins. Co.*, 269 Mich. App. 126, 129, 713 N.W.2d 801 (2005).

There is no dispute that Defendant's oral application for homeowner's insurance asked whether the taxes on the Roselawn property were delinquent for two or more years and Plaintiff answered, "No." Defendant has provided an unopposed affidavit from its Personal Lines Underwriting Manager stating that "[t]he status of the property taxes is material to Nationwide's decision whether to insure the property" and that "Nationwide would not have issued the policy had it known that the taxes were two years or more delinquent at the time of the application." (Mot. for Summ. J., Ex. 11, Nationwide Aff.) Indeed, under Michigan law a person is not eligible for homeowner's insurance if their "real property taxes with respect to the dwelling insured or to be insured have been and are delinquent for 2 or more years at the time of renewal of, or application for, home insurance." Mich. Comp. Laws § 500.2103(2)(j). *See also Carter v. Liberty*

6

*Insurance Corp.*, No. 11-14690, 2012 U.S. Dist. LEXIS 164505, at *18 (E.D. Mich. Nov. 19, 2012) ("Courts in this District have already determined that misrepresentations with regard to the status of property taxes are material.")

Thus, the record is undisputed that Plaintiff's representation regarding the (lack of) delinquency status of her property taxes was material and that Defendant relied on it.

### 1. Plaintiff's Misrepresentation

Plaintiff admits that at the time she completed the insurance application in July 2012, the 2010 and 2011 taxes on the Roselawn property were delinquent. She contends, however, that the application did not contain a material misrepresentation because, under a proper construction of Michigan Compiled Laws § 500.2103(2)(j), these property taxes were not "delinquent for two or more years." (Resp. at 4-5.) The essence of Plaintiff's argument is that the phrase "delinquent for two or more years," as used in the Essential Insurance Act, Mich. Comp. Laws § 500.2103(2)(j), should be defined according to Michigan's General Property Tax Act, Mich. Comp. Laws § 211.78a(2). This tax provision states:

> On March 1 in each year, taxes levied in the immediately preceding year that remain unpaid shall be returned as delinquent for collection. . . . Except as otherwise provided in section 79 for certified abandoned property, property delinquent for taxes levied in the second year preceding the forfeiture under section 78g or in a prior year to which this section applies shall be forfeited to the county treasurer for the total of the unpaid taxes, interest, penalties, and fees for those years as provided under section 78g.

Mich. Comp. Laws § 211.78a(2). From this provision, Plaintiff makes the following argument: (1) the Roselawn taxes due in 2010 became delinquent on March 1, 2011, and the taxes due in 2011 became delinquent on March 1, 2012; (2) "the length of time a tax bill remains in delinquency status, not the number of tax bills in delinquency status, is the critical factor in the tax foreclosure process"; and (3) "[t]hus, in July 2012, at the time of the application for home

7

insurance, the 2010 taxes had only been delinquent for a period of 16 months [March 1, 2011, to July 2012], and the 2011 taxes had only been delinquent for a period of 4 months [March 1, 2012, to July 2012]. In July 2012, the real property taxes had not been and were not delinquent 'for two or more years.'" (Resp. at 12, 14.) This argument is unavailing for several reasons.

First, the Court must interpret the phrase "delinquent two or more years" according to its commonly used meaning and the expectations of the parties, not Michigan's General Tax Act, which has no relevance to this case. Nor does this case involve the construction of the Michigan Insurance Code, because Nationwide did not rescind the policy based on Mich. Comp. Laws § 500.2103(2)(j). Rather, as its letter to Plaintiff makes clear, Nationwide rescinded the policy pursuant to an express policy provision and Michigan case law that permit rescission based upon a material misrepresentation by the insured. *See Carter*, 2012 U.S. Dist. LEXIS 164505, at *17 ("Insurance policies are contracts subject to the same construction principles.").

Nationwide's application asks, "Are the property taxes for the insured location delinquent by two or more years?" (Mot. for Summ. J., Ex. 5 at 4.) It may be that Nationwide's application includes this question because the Michigan Insurance Code deems ineligible for obtaining homeowner's insurance anyone whose real property taxes are delinquent for two or more years at the time of application. But the application does not cite the code or make any other reference to it. On its face, there is nothing about this application question that indicates its terms should be defined in accordance with the code, much less Michigan's General Tax Act. The expectations of the parties control the interpretation of the contract (which includes the application, *see Royal Prop. Grp.*, 706 N.W.2d at 432):

> If the insurance policy fails to define a term, the court must interpret it according to its commonly used meaning, taking into account the reasonable expectations of the parties. That is, the policy language in insurance contracts is to be accorded its commonly used meaning unless it is apparent from reading the instrument as a

8

whole that a different or special meaning was intended. A technical construction of policy language which defeats a reasonable expectation of coverage is disfavored.

*Prestige Cas. Co. v. Mich. Mut. Ins. Co.*, 99 F.3d 1340, 1350 (6th Cir. 1996). There is nothing in the record to indicate that when Plaintiff represented that her property taxes were not delinquent two or more years that she was referring to the timetable in Michigan Compiled Laws § 211.78a(2).

Regardless, the Court agrees with Defendant that Michigan Compiled Laws § 211.78a(2) simply explains when property taxes are sufficiently delinquent to allow collection activities by the taxing entity. It does not define the phrase "delinquent two or more years," as Plaintiff would have it. Plaintiff contends that "under the General Property Tax Act, when real property taxes are in the second year of delinquency, parcels are forfeited to the county treasurers. In the third year of delinquency, the properties are foreclosed upon by the Foreclosing Governmental Unit." (Resp. at 9.) But this is a "foreclosure timeline" (*id.* at 10)—not a definition of "delinquent two or more years." In fact, the tax collecting entity, the Wayne County Treasurer, defines "delinquent" as "[t]axes that were not paid to the local treasurer. . . ." (Mot. for Summ. J. at Ex. 20), which is similar to the dictionary definitions the Court relies upon below.

Because the Court finds Nationwide's application (which is part of the overall insurance contract) to be clear and unambiguous, it will interpret "delinquent two or more years" using the common and ordinary meaning of the phrase. "The court may refer to dictionary definitions when appropriate when ascertaining the precise meaning of a particular term." *Morinelli v. Provident Life & Accident Ins. Co.*, 242 Mich. App. 255, 262, 617 N.W.2d 777, 781 (2000). Webster's Third New International Dictionary (1993) defines "delinquent" as "in arrears in payment of debt or interest" or "past due and unpaid." Black's Law Dictionary (10th ed. 2014)

provides, as one definition of delinquent, "(Of an obligation) past due or unperformed." Thus, Defendant's application by its plain meaning is asking the homeowner whether there are property taxes that are past due and that have been past due for two years or longer from the time of the application. On July 17, 2012, the property taxes for the 2010 calendar year were past due and owing. Thus, Plaintiff's response that there were no delinquent property taxes for two or more years was a misrepresentation.

Several courts in this District have addressed whether an insured's failure to report delinquent property taxes on an application for homeowner's insurance is a material misrepresentation that enabled the insurer to rescind the policy and avoid paying on losses caused by fire damage. None of those cases employed the definition of "delinquent" being advanced here by Plaintiff. For example, in *Carter v. Liberty Insurance Corp.*, No. 11-14690, 2012 U.S. Dist. LEXIS 164505 (E.D. Mich. Nov. 19, 2012), the plaintiff filled out a homeowners insurance policy application on October 21, 2010, in which he stated that the real property taxes were not delinquent and had not been delinquent for two or more years. The previous owner, however, had never paid the property taxes on the residence for the 2008, 2009, and 2010 tax years. The court found that the plaintiff's response was a material misrepresentation and the policy was null and void. *Id*. at \*18. In *Stevens v. Liberty Insurance Co.*, No. 11-14695, 2012 U.S. Dist. LEXIS 88230 (E.D. Mich. June 26, 2012), the plaintiff completed the defendant's application for insurance in July 2010 and attested there were no delinquent property taxes on the property to be insured. At the time, however, the 2008 and 2009 property taxes were delinquent. The court found this to be a material misrepresentation that the insurer relied on because, in part, "Michigan law prohibits the issuance of a home insurance policy to '[a] person whose real property taxes with respect to the dwelling insured or to be insured have been and are delinquent

10

2:13-cv-13926-LJM   Doc # 24   Filed 07/25/14   Pg 11 of 12   Pg ID 426

for 2 or more years at the time of renewal of, or application for, home insurance.'" *Id*. at *8 (quoting Mich. Comp. Laws § 500.2103(2)(j)). Similarly, in *Campbell v. Liberty Mutual Group*, No. 10-14179, 2011 U.S. Dist. LEXIS 63031 (E.D. Mich. June 14, 2011), the plaintiff represented on an August 2009 insurance application that the property taxes were not delinquent when the 2007, 2008, and 2009 taxes remained due and owing. One of the reasons the defendant rescinded the policy was that "[a]t the time [plaintiff] applied for this policy, real property taxes were delinquent for two or more years." *Id.* at *4. The court found this to be a material misrepresentation that the defendant reasonably relied on. *Id.* at *10. None of these cases referred to the Tax Act to interpret the phrase "delinquent two or more years." Instead the court in each case interpreted the phrase as it is commonly understood.

## III. CONCLUSION

In sum, Defendant was entitled to rescind Plaintiff's homeowner's insurance policy as a matter of law based on Plaintiff's material misrepresentation, relied on by Defendant, that the property taxes on the Roselawn property were not delinquent two years or more at the time of the application. And since Defendant properly rescinded Plaintiff's policy of insurance, it is entitled to summary judgment on Plaintiff's claims alleging failure to pay on this policy.

Accordingly, Defendant's Motion for Summary Judgment is **GRANTED** and Defendant is entitled to judgment as a matter of law in its favor on the claims of Plaintiff's Complaint. A separate judgment will follow.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  July 25, 2014

11

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 25, 2014.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson